# EXHIBIT A

# STATE COURT PLEADINGS

Skip to Main Content   Logout   My Account   Search Menu   New Civil Search   Refine Search   Back                Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2021DCV2168

| | | |
|---|---|---|
| Jose Alfredo Gallegos VS FREEPORT-MCMORAN CORPORATION, PHELPS DODGE REFINING CORPORATION and HEP PIPELINE ASSETS LIMITED CORPORATION | § § § § § | Case Type: **Injury or Damage - Motor Vehicle**<br>Date Filed: **06/23/2021**<br>Location: **County Court at Law 3** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **FREEPORT-MCMORAN CORPORATION** | **WALKER F CROWSON**<br>*Retained*<br>602-382-6000(W) |
| **Defendant** | **PHELPS DODGE REFINING CORPORATION** | **WALKER F CROWSON**<br>*Retained*<br>602-382-6000(W) |
| **Plaintiff** | **Gallegos, Jose Antonio** | **CONNIE J FLORES**<br>*Retained*<br>915-308-1000(W) |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

08/17/2021 **Nonsuit** (Judicial Officer: Alvarez, Javier)
Comment (PERTAINING TO DEF HEP PIPELINE ASSET, LIMITED PARTNERSHIP AS PER PLN'S AMENDED ORIG PETITION (**Taken as First**) / JA)

**OTHER EVENTS AND HEARINGS**

| 06/23/2021 | **Original Petition (OCA)** | **Index # 1** | | |
|---|---|---|---|---|
| 06/23/2021 | **E-File Event Original Filing** | | | |
| 06/28/2021 | **Request** | **Index # 2** | | |
| 07/01/2021 | **Citation** | | | |
| | FREEPORT-MCMORAN | | Served | 07/27/2021 |
| | | | Returned | 08/03/2021 |
| | PHELPS DODGE REFINING CORPORATION | | Served | 07/27/2021 |
| | | | Returned | 08/03/2021 |
| | HEP PIPELINE ASSET, LIMITED PARTNERSHIP | | Served | 07/27/2021 |
| | | | Response Received | 08/04/2021 |
| | | | Returned | 08/05/2021 |
| 08/02/2021 | **Amended Petition** | **Index # 3** | | |
| 08/04/2021 | **Answer** | **Index # 7** | | |
| 08/09/2021 | **Proof of Service** | **Index # 8** | | |
| 08/17/2021 | **Amended Petition** | **Index # 9** | | |
| 08/19/2021 | **Amended Petition** | **Index # 10** | | |
| 08/24/2021 | **Citation** | | | |
| | FREEPORT-MCMORAN CORPORATION | | Unserved | |
| | PHELPS DODGE REFINING CORPORATION | | Unserved | |
| 09/02/2021 | **Notice of Non-Suit** | **Index # 11** | | |
| 09/26/2021 | **Answer** | **Index # 12** | | |
| 09/26/2021 | **Answer** | **Index # 13** | | |

**IN THE COUNTY COURT AT LAW NUMBER _____**

**_____ JUDICIAL DISTRICT COURT**

**OF EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| JOSE ALFREDO GALLEGOS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Cause No. 2021-DCV_____ |
| | § | |
| FREEEPORT-MCMORAN CORPORATION, | § | |
| PHELPS DODGE REFINING | § | |
| CORPORATION and HEP PIPELINE | § | |
| ASSETS LIMITED CORPORATION | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOSE ALFREDO GALLEGOS (hereinafter referred to as "Plaintiff"), complaining of FREEPORT-MCMORAN CORPORATION (hereinafter referred to as "Defendant FREEPORT") and complaining of PHELPS DODGE REFINING CORPORATION (herein referred to as "Defendant Phelps Dodge") and complaining of HEP PIPELINE ASSETS, LIMPTED PARTNERSHIP (herein referred to as "Defendant HEP Pipeline") for a cause of action would respectfully show the Court and/or Jury as follows:

### I.    DISCOVERY CONTROL PLAN

Pursuant to Rule 190, discovery in this case will be conducted in Level III.

### II.    PARTIES

Plaintiff Jose Antonio Gallegos is a resident of El Paso County, Texas. The last three numbers of Plaintiff's driver's license number are 745.

Defendant FREEPORT -MCMORAN is a New York corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY d/b/a CSC LAWYERS INCO, or any other authorized officer or agent therein at 211 E. 7th Street Suite 620 Austin, Texas 78701 and/or wherever they may be found.

Defendant PHELPS DODGE REFINING CORPORATION is a New York corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY d/b/a CSC LAWYERS INCO, or any other authorized officer or agent therein at 211 E. 7th Street Suite 620 Austin, Texas 78701 and/or wherever they may be found.

Defendant HEP PIPELINE ASSET, LIMITED PARTNERSHIP is a Delaware corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, or any other authorized officer or agent therein at CT CORPORATION 1999 Bryan St., Dallas, Texas 75201 and/or wherever they may be found.

### III.    FACTS

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an incident that occurred on or about July 8, 2019, in El Paso County, Texas. At such time and place, Plaintiff was inside Defendants' premises, located at 897 Hawkins Blvd, El Paso, Texas 79915.   Plaintiff was dropping off uniforms on Defendants' property, pushing a cart, when Plaintiff's cart got stuck on old railroad tracks, causing Plaintiff's knee to lock, causing injury to Plaintiff.   The unlevel, defective or rusted railroad track caused Plaintiff to fall to the floor and sustain injuries to his knees and other parts of his body. Said occurrence caused substantial physical injuries to the person of Plaintiff. Plaintiff was an invitee to whom Defendants owed a duty to use

reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

## IV.   DEFENDANTS' PREMISES LIABILITY

While upon Defendants' premises, Plaintiff suffered bodily injuries as a direct result of the fall proximately caused by a dangerous condition, which Defendants knew, or in the exercise of ordinary care, should have known existed. Defendants breached their duty of ordinary care by (1) failing to adequately warn the Plaintiff of the condition, or (2) failing to make the condition reasonably safe.

Defendants, their agents, servants, and employees negligently caused and/or negligently permitted such condition to exist and/or negligently failed to warn Plaintiff of the condition of the premises, despite the fact that Defendants, their agents, servants and employees knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff. Defendants' failure and breach of duty to an invitee proximately caused Plaintiff's injuries.

## V.   DEFENDANTS' NEGLIGENCE

Plaintiff would show that the damages and injuries he sustained were caused by the negligence of Defendants, their employees, agents and representatives. Plaintiff would also show that Defendants owed a duty to Plaintiff, that Defendants breached that duty and that such breach was a proximate cause of the injury and resulting damages to Plaintiff. On the occasion in question, Defendants, their agents, representatives, and employees were negligent in one or more of the following ways:

1. In failing to maintain the area in a reasonably safe condition;
2. In failing to warn of the condition of the area in question;
3. In failing to inspect the premises in order to discovery the dangerous condition of the area in question;

4. In failing to correct the dangerous condition of the area in question;
5. In failing to warn invitees and licensees, including Plainitff, that a dangerous condition existed which required extra care to be taken by them when entering or exiting the area when Defendants knew or should have known that the area in question was dangerous;
6. In failing to establish and enforce safety rule and regulations;
7. In failing to supervise employees in regular inspection and maintaining the area in question;
8. In failing to teach its employees on the maintance of the area in question;
9. In failing to repair or replace rugs that could reasonably be anticipated to cause and create dangerous conditions;
10. Other acts of negligence.

One or more of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was/were a proximate cause of Plaintiff's injuries and damages described below.

## VI.   VICARIOUS LIABILITY OF ALL DEFENDANTS

Alternatively, and without waiving the foregoing, Plaintiff would show that Defendants are liable for the damages and injuries which were caused by the negligence of Defendants, their employees, agents, and representatives. Defendants are liable for the acts or omissions of their contractors, subcontractors, employees and agents and any person at the refinery in which this incident occurred over whom Defendants retained control. Defendants had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendants to employees working on the site.

## VII.   PLAINTIFF'S DAMAGES

As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. As a further result of the negligence of Defendants and the injuries described herein, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were usual and customary charges for such services.  Plaintiff

will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the negligence of Defendants, Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future. Plaintiff has suffered a loss of earning capacity in the past and will continue to suffer a loss of earning capacity in the future.

Plaintiff has suffered pain and suffering in the past, and Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future.

The amount of the Plaintiff's damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past, past physical impairment, and lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages is peculiarly within the province of the jury. Plaintiff not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly reasonable compensate Plaintiff. However, Plaintiff seeks monetary damages exceeding the limits set out in Tex .R. Civ. P. 47(c)(1) and affirmatively plead that the monetary damages sought will fall within the limits set out in Tex. R. Civ. P. 47(c)(5). Plaintiff also seeks judgment for all other relief to which Plaintiff is entitled. Plaintiff reserves the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs are seeking monetary relief over $250,000.00 but no more than $1,000,000.00.

## VIII.   PUNITIVE DAMAGES

Plaintiff is entitled to punitive damages because of Defendants' gross negligence. Defendants' acts or omissions, when viewed objectively from the standpoint of Defendants at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference of the risks. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their gross negligence and to set an example for others that such conduct will not be tolerated.

## IX.   JURY DEMAND

Plaintiff respectfully requests trial by jury of the issues in this case.

## X.   CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest, and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

*/s/ Connie J. Flores*
**CONNIE J. FLORES**
TX State Bar No.: 24067828
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283
Cflores@ftalawfirm.com
***ATTORNEY FOR PLAINTIFF***

Filed 6/28/2021 10:18 AM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV2168

El Paso County - County Court at Law 3



# FLORES | TAWNEY | ACOSTA P.C.
### Injury & Employment Attorneys

**El Paso Office:**
906 N. Mesa St., 2nd Floor
El Paso, TX 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283

**Las Cruces Office:** *
1485 N. Main St., Suite B
Las Cruces, NM 88001
Phone: (575) 222-1000
Facsimile: (575) 652-4752

**Carlsbad Office:**
102 W. Hagerman St., Suite D
Carlsbad, NM 88220
Phone: (575) 222-1000
Facsimile: (575) 652-4752

**Web:**
https://ftalawfirm.com

*Principal Office*

*All attorneys licensed to practice law in New Mexico and Texas.*

June 28, 2021

El Paso County District Clerk
500 E San Antonio Ave., #103
El Paso, Texas 79901

> _**Via: E-File**_

Re:     _Jose A. Gallegos v. Freeport-McMoran Corporation, et al;_ In the County Court at Law Number 3 of El Paso County, Texas; Cause No. 2021DCV2168

Dear Sir/Madam:

The following has been e-filed in connection with the above-referenced case:

1.  Plaintiff's Original Petition and Jury Demand.

Please prepare and issue the citations for the above-mentioned documents to be served upon Defendant FREEPORT-MCMORAN CORPORATION by serving its registered agent CORPORATION SERVICE COMPANY d/b/a CSC LAWYERS INCO or any authorized officer or agent therein at 211 E. 7th Street Suite 620, Austin, Texas 78701 or wherever may be found, and Defendant PHELPS DODGE REFINING CORPORATION by serving registered agent CORPORATION SERVICE COMPANY d/b/a CSC LAWYERS INCO or any other authorized officer or agent therein at 211 E. 7th Street Suite 620, Austin, Texas 78701 or wherever may be found, and Defendant HEP PIPEINE ASSET,  LIMITED PARTNERSHIP serving registered agent CT CORPORATION or any other authorized officer or agent therein at 1999 Bryan St., Dallas, Texas 75201 or wherever may be found and send by email to cflores@ftalawfirm.com  and ncastro@ftalawfirm.  Please include the following language "In addition to filing a written answer with the clerk, you may be required to make initial disclosures to other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk."

     Payment fees have been paid through the e-filing system. If you should have any questions or concerns, please contact me by phone at (915) 308-1000 or by email at cflores@ftalawfirm.com.

Very truly yours,

**Connie J. Flores**
*Attorney at Law*

**CJF**/lm

Norma Favela Barceleau
District Clerk
El Paso County
2021DCV2168

Cause No.: 2021DCV2168             {}        In the County Court 3
                                  {}        EL PASO County
                                  {}
Plaintiff:
JOSE ALFREDO GALLEGOS

Defendant:
FREEPORT-MCMORNA
CORPORATION ET AL

Officer's Return

Came to hand July 27, 2021 at 8:49 A.M. and executed in Travis County,
Texas, on July 27, 2021 at 11:40 A.M. by delivering to FREEPORT-MCMORAN
by delivering to its registered agent, Corporation Service Company d/b/a CSC
Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620,
Austin, Texas 78701, by delivering to SAMANTHA GUERRA designated agent
for service, a true copy of the citation together with accompanying copy of
the Plaintiff's ORIGINAL petition AND JURY DEMAND.

Carlos B. Lopez,
Travis County Constable Precinct 5
Travis County, Texas

by: _____
Michael Untermeyer, Deputy



**Carlos B. Lopez, Constable**
Travis County Constable Precinct 5
1003 Guadalupe
Austin, Texas 78701
July 28, 2021

FLORES TAWNEY ACOSTA PC
1485 N MAIN ST SUITE B
LAS CRUCES NM 88001

## INVOICE

Cause Nbr: 2021DCV2168-1
Plaintiff: JOSE ALFREDO GALLEGOS
Service Name: FREEPORT-MCMORAN

Service Fee: 80.00
Payment Received: 80.00
Balance Due: 0.00

Thank you for allowing us to be of service to you in this case.

Check the status of your civil process at
**www.Constable5.com**
Be sure to bookmark the ServiceCheck page

# THE STATE OF TEXAS

RECEIVED

2021 JUL 27 AM 8:49

GXS... ...., PRECINCT 5
... ..., COUNT ... TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:    FREEPORT-MCMORAN, which may be served with process **by serving its registered agent, CORPORATION SERVICE COMPANY d/b/a CSC LAWYERS INCO, at 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Jury Demand** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 23rd day of June, 2021, by Attorney at Law, CONNIE J FLORES, 906 N MESA ST 2ND FLOOR EL PASO TX 79902 in this case numbered **2021DCV2168** on the docket of said court, and styled:

### JOSE ALFREDO GALLEGOS
### VS
### FREEPORT-MCMORAN CORPORATION, PHELPS DODGE REFINING CORPORATION AND HEP PIPELINE ASSETS LIMITED CORPORATION

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Jury Demand** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 1st day of July, 2021

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest:    NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas

By _____, Deputy
Veronica Cables

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the

date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20_____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition and Jury Demand**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

　　　　FEES—SERVING _____ copy _____ $ _____  _____ Sheriff

　　　　　　　　　　　　　　_____  _____ County, Texas

　　　　　Total _____ $ _____  by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas　　　　nty, Texas
By _____　　　　　puty/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**

　　　　**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

Norma Favela Barceleau
District Clerk
El Paso County
2021DCV2168



**Carlos B. Lopez, Constable**
Travis County Constable Precinct 5
1003 Guadalupe
Austin, Texas 78701
July 28, 2021

FLORES TAWNEY ACOSTA PC
1485 N MAIN ST SUITE B
LAS CRUCES NM 88001

## INVOICE

Cause Nbr:  2021DCV2168-2
Plaintiff:  JOSE ALFREDO GALLEGOS
Service Name:  PHELPS DODGE REFINING CORPORATION

Service Fee:  80.00
Payment Received:  80.00
Balance Due:   0.00

Thank you for allowing us to be of service to you in this case.

Check the status of your civil process at
**www.Constable5.com**
Be sure to bookmark the ServiceCheck page

Cause No.: 2021DCV2168                    {}          In the County Court 3
                                          {}          EL PASO County
Plaintiff:                                {}
JOSE ALFREDO GALLEGOS

Defendant:
FREEPORT-MCMORNA
CORPORATION ET AL

Officer's Return

Came to hand July 27, 2021 at 8:49 A.M. and executed in Travis County,
Texas, on July 27, 2021 at 11:40 A.M. by delivering to PHELPS DODGE
REFINING CORPORATION by delivering to its registered agent, Corporation
Service Company d/b/a CSC Lawyers Incorporating Service Company, at 211
E. 7th Street, Suite 620, Austin, Texas 78701, by delivering to SAMANTHA
GUERRA designated agent for service, a true copy of the citation together
with accompanying copy of the Plaintiff's ORIGINAL petition AND JURY
DEMAND.

                                        Carlos B. Lopez,
                            Travis County Constable Precinct 5
                                    Travis County, Texas


by: _____
        Michael Untermeyer, Deputy



# THE STATE OF TEXAS

RECEIVED

2021 JUL 27 AM 8:49

COUNTY OF EL PASO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:  **PHELPS DODGE REFINING CORPORATION,** which may be served with process **by serving its registered agent, CORPORATION SERVICE COMPANY d/b/a CSC LAWYERS INCO, at 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Jury**

**Demand** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of

this citation before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said

County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 23rd day of June, 2021, by Attorney at Law, CONNIE J

FLORES, 906 N MESA ST 2ND FLOOR EL PASO TX 79902 in this case numbered **2021DCV2168** on the docket of said

court, and styled:

**JOSE ALFREDO GALLEGOS**
**VS**
**FREEPORT-MCMORAN CORPORATION, PHELPS DODGE REFINING CORPORATION AND HEP PIPELINE ASSETS LIMITED CORPORATION**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Jury Demand** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 1st day of July, 2021

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: ___NORMA FAVELA BARCELEAU___ District Clerk
El Paso County, Texas

By _____, Deputy
Veronica Cables

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the

date of delivery endorsed thereon and with a copy of the petition attached thereto."



Rc #160.00 #4479 (x2)

## IN THE COUNTY COURT AT LAW NO. 3
## OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| **JOSE ALFREDO GALLEGOS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FREEPORT-MCMORAN CORPORATION,** | § | **Cause No. 2021-DCV2168** |
| **PHELPS DODGE REFINING** | § | |
| **CORPORATION AND HEP PIPELINE** | § | |
| **ASSESTS LIMITED CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT HEP PIPELINE ASSETS LIMITED PARTNERSHIP'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** HEP PIPELINE ASSETS LIMITED PARTNERSHIP, hereinafter referred to as "Defendant" herein, erroneously named as HEP PIPELINE ASSESTS LIMITED CORPORATION in Plaintiff's Original Petition's caption, and files this its Original Answer to Plaintiff's Original Petition and would respectfully show the Court as follows:

### I.

Defendant denies each and every allegation contained in the pleadings of the Plaintiff and demands strict proof thereof.

### II.

Pleading further, Defendant would show that Plaintiff is not entitled to recover for, and Defendant is not responsible for, any medical condition, if any, before the occurrence in question except to the extent that such was aggravated, if at all, and Defendant is not responsible for any condition unrelated to this occurrence which was not previously caused by the occurrence made the subject of this suit.

40Y9043.DOCX

**III.**

Defendant would affirmatively assert, pursuant to the Texas Civil Practice and Remedies Code, §41.015, that it is obligated to pay, if at all only those medical bills or healthcare expenses that were actually paid or occurred by Plaintiff and not just what Plaintiff may have been charged for medical or healthcare treatment.  To the extent that if at all, the medical bills being claimed by the Plaintiff were "adjusted" or reduced because of the fact that there were contractual limitations, Defendant is only responsible for those amounts after such adjustment or limitations were made.

**IV.**

As a further affirmative defense herein, to the extent necessary, and to the extent necessary (and without waiving the foregoing and/or in the alternative), Defendant asserts that in the event an award of damages is made to Plaintiff, Defendant is entitled to such reduction as required by §18.091, Texas Civil Practice and Remedies Code, which states as follows:  "Notwithstanding any other law, if any claimant seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, evidence to prove the loss must be presented in the form of a net loss after deducting for income tax payments or unpaid tax liability pursuant to any federal income tax law."  Texas Civil Practice and Remedies Code §18.091.

**V.**

As an affirmative defense herein, and to the extent necessary (and without waiving the foregoing and/or in the alternative), Defendant asserts that in the event of recovery of damages from Defendant, in this case, any award of pre- and/or post judgment interest is limited by the provisions of the Texas Finance Code.

**VI.**

The incident made the subject of this suit and Plaintiff's alleged injuries and damages, if any, were solely and proximately caused, or, in the alternative, proximately caused by the negligent acts and/or omissions of Plaintiff.

2

## VII.

Additionally, and/or in the alternative and without waiving the foregoing Defendant alleges that it did not own or control the property where Plaintiff's accident occurred and it therefore owed no duty to the Plaintiff.

## VIII.

Additionally, and/or in the alternative, and without waiving the foregoing, the factual basis of any alleged liability of the Defendant is legally insufficient to support an award of punitive or exemplary damages because the conduct of Defendant, if any, did not rise to the level of malice, gross negligence, or actual fraud.  Additionally, and/or in the alternative, and without waiving the foregoing, Plaintiff's pleadings do not set forth any justification for punitive damages.  Defendant further pleads in the alternative the limitations imposed regarding such damages as outlined in the Texas Civil Practices and Remedies Code, § 41.008.

## IX.

Defendant reserves the right to amend this Answer and demand trial by a twelve person jury.

## X.

Defendant designates Richard Bonner as the member of the firm of attorneys representing Defendant who will try this case.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant asks that Plaintiff take nothing by this suit and that Defendant recover costs and such other further relief, general or special at law or in equity to which Defendant may be justly entitled.

3

41B4666.DOCX

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (Facsimile)

By: _____

**RICHARD BONNER**
richard.bonner@kempsmith.com
State Bar No. 02608500
**SERGIO ESTRADA**
Sergio.Estrada@kempsmith.com
State Bar No. 24080886
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify the foregoing document was served on all parties through their counsel via the Court's electronic filing system on the 4th day of August, 2021.

Connie J. Flores
Flores, Tawney & Acosta, P.C.
906 N. Mesa, 2nd Floor
El Paso, TX  79902
915/308-1000
915/300-0283  Facsimile
cflores@ftalawfirm.com
Attorney for Plaintiff

**VIA EFile/EServe**

_____

**RICHARD BONNER**

41B4666.DOCX

IN THE COUNTY COURT AT LAW NUMBER THREE

OF EL PASO COUNTY,

| | | |
|---|---|---|
| JOSE ALFREDO GALLEGOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2021-DCV2168 |
| | § | |
| FREEEPORT-MCMORAN CORPORATION, | § | |
| PHELPS DODGE REFINING | § | |
| CORPORATION and HEP PIPELINE | § | |
| ASSETS LIMITED CORPORATION | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S AMENDED ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOSE ALFREDO GALLEGOS (hereinafter referred to as "Plaintiff"), complaining of FREEPORT-MCMORAN CORPORATION (hereinafter referred to as "Defendant FREEPORT") and complaining of PHELPS DODGE REFINING CORPORATION (herein referred to as "Defendant Phelps Dodge") and complaining of HEP PIPELINE ASSETS, LIMPTED PARTNERSHIP (herein referred to as "Defendant HEP Pipeline") for a cause of action would respectfully show the Court and/or Jury as follows:

### I.     DISCOVERY CONTROL PLAN

Pursuant to Rule 190, discovery in this case will be conducted in Level III.

### II.     PARTIES

Plaintiff Jose Alfredo Gallegos is a resident of El Paso County, Texas. The last three numbers of Plaintiff's driver's license number are 745.

Defendant FREEPORT -MCMORAN is a New York corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY d/b/a CSC LAWYERS INCO, or any other authorized officer or agent therein at 211 E. 7th Street Suite 620 Austin, Texas 78701 and/or wherever they may be found.

Defendant PHELPS DODGE REFINING CORPORATION is a New York corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY d/b/a CSC LAWYERS INCO, or any other authorized officer or agent therein at 211 E. 7th Street Suite 620 Austin, Texas 78701 and/or wherever they may be found.

Defendant HEP PIPELINE ASSET, LIMITED PARTNERSHIP is a Delaware corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, or any other authorized officer or agent therein at CT CORPORATION 1999 Bryan St., Dallas, Texas 75201 and/or wherever they may be found.

### III.    FACTS

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an incident that occurred on or about July 8, 2019, in El Paso County, Texas. At such time and place, Plaintiff was inside Defendants' premises, located at 897 Hawkins Blvd, El Paso, Texas 79915.  Plaintiff was dropping off uniforms on Defendants' property, pushing a cart, when Plaintiff's cart got stuck on old railroad tracks, causing Plaintiff's knee to lock, causing injury to Plaintiff.  The unlevel, defective or rusted railroad track caused Plaintiff to fall to the floor and sustain injuries to his knees and other parts of his body. Said occurrence caused substantial physical injuries to the person of Plaintiff. Plaintiff was an invitee to whom Defendants owed a duty to use

reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

## IV.   DEFENDANTS' PREMISES LIABILITY

While upon Defendants' premises, Plaintiff suffered bodily injuries as a direct result of the fall proximately caused by a dangerous condition, which Defendants knew, or in the exercise of ordinary care, should have known existed. Defendants breached their duty of ordinary care by (1) failing to adequately warn the Plaintiff of the condition, or (2) failing to make the condition reasonably safe.

Defendants, their agents, servants, and employees negligently caused and/or negligently permitted such condition to exist and/or negligently failed to warn Plaintiff of the condition of the premises, despite the fact that Defendants, their agents, servants and employees knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff. Defendants' failure and breach of duty to an invitee proximately caused Plaintiff's injuries.

## V.   DEFENDANTS' NEGLIGENCE

Plaintiff would show that the damages and injuries he sustained were caused by the negligence of Defendants, their employees, agents and representatives. Plaintiff would also show that Defendants owed a duty to Plaintiff, that Defendants breached that duty and that such breach was a proximate cause of the injury and resulting damages to Plaintiff. On the occasion in question, Defendants, their agents, representatives, and employees were negligent in one or more of the following ways:

1. In failing to maintain the area in a reasonably safe condition;
2. In failing to warn of the condition of the area in question;
3. In failing to inspect the premises in order to discovery the dangerous condition of the area in question;

4.  In failing to correct the dangerous condition of the area in question;
5.  In failing to warn invitees and licensees, including Plainitff, that a dangerous condition existed which required extra care to be taken by them when entering or exiting the area when Defendants knew or should have known that the area in question was dangerous;
6.  In failing to establish and enforce safety rule and regulations;
7.  In failing to supervise employees in regular inspection and maintaining the area in question;
8.  In failing to teach its employees on the maintance of the area in question;
9.  In failing to repair or replace rugs that could reasonably be anticipated to cause and create dangerous conditions;
10. Other acts of negligence.

One or more of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was/were a proximate cause of Plaintiff's injuries and damages described below.

## VI.   VICARIOUS LIABILITY OF ALL DEFENDANTS

Alternatively, and without waiving the foregoing, Plaintiff would show that Defendants are liable for the damages and injuries which were caused by the negligence of Defendants, their employees, agents, and representatives. Defendants are liable for the acts or omissions of their contractors, subcontractors, employees and agents and any person at the refinery in which this incident occurred over whom Defendants retained control. Defendants had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendants to employees working on the site.

## VII.   PLAINTIFF'S DAMAGES

As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. As a further result of the negligence of Defendants and the injuries described herein, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were usual and customary charges for such services.  Plaintiff

will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the negligence of Defendants, Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future. Plaintiff has suffered a loss of earning capacity in the past and will continue to suffer a loss of earning capacity in the future.

Plaintiff has suffered pain and suffering in the past, and Plaintiff will continue to suffer pain and suffering in the future.  Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future.

The amount of the Plaintiff's damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past, past physical impairment, and lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages is peculiarly within the province of the jury. Plaintiff not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly reasonable compensate Plaintiff. However, Plaintiff seeks monetary damages exceeding the limits set out in Tex .R. Civ. P. 47(c)(1) and affirmatively plead that the monetary damages sought will fall within the limits set out in Tex. R. Civ. P. 47(c)(5). Plaintiff also seeks judgment for all other relief to which Plaintiff is entitled. Plaintiff reserves the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs are seeking monetary relief over $250,000.00 but no more than $1,000,000.00.

### VIII.   PUNITIVE DAMAGES

Plaintiff is entitled to punitive damages because of Defendants' gross negligence. Defendants' acts or omissions, when viewed objectively from the standpoint of Defendants at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference of the risks. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their gross negligence and to set an example for others that such conduct will not be tolerated.

### IX.   JURY DEMAND

Plaintiff respectfully requests trial by jury of the issues in this case.

### X.   CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest, and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

*/s/ Connie J. Flores*
**CONNIE J. FLORES**
TX State Bar No.: 24067828
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283
Cflores@ftalawfirm.com
***ATTORNEY FOR PLAINTIFF***



Registered Agent Solutions, Inc.
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

2021-09-01

Michele A. Hughes
**Phelps Dodge Refining Corporation**
333 N. Central Ave.
Phoenix, AZ 85004-2189 USA

**NOTICE OF CONFIDENTIALITY**
This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

---

**RE:  Phelps Dodge Refining Corporation**

---

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review.  A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.

For additional information and instruction, contact the document issuer:  FLORES, TAWNEY & ACOSTA P.C.

### SERVICE INFORMATION

| | |
|---|---|
| Service Date: | 2021-09-01 |
| Service Time: | 4:00PM CDT |
| Service Method: | Deputy Sheriff |

### RASi REFERENCE INFORMATION

| | |
|---|---|
| Service No.: | 0184650 |
| RASi Office: | Texas |
| Rec. Int. Id.: | JLW |

### CASE INFORMATION

| | |
|---|---|
| Case Number: | 2021-DCV2168 |
| File Date: | 08/24/2021 |
| Jurisdiction: | TEXAS COUNTY COURT AT LAW #3 OF EL PASO COUNTY |
| Case Title: | JOSE ALFREDO GALLEGOS  VS.  FREEPORT-MCMORAN CORPORATION, ET AL |

### ANSWER / APPEARANCE INFORMATION

20 days                    *(Be sure to review the document(s) for any required response dates)*

### AGENCY / PLAINTIFF INFORMATION

| | |
|---|---|
| Firm/Issuing Agent: | FLORES, TAWNEY & ACOSTA P.C. |
| Attorney/Contact: | CONNIE J. FLORES |
| Location: | Texas |
| Telephone No.: | 915-308-1000 |

### DOCUMENT(S) RECEIVED & ATTACHED

Summons
Demand for Jury Trial
Petition: PLAINTIFF'S 2ND AMENDED ORIGINAL

### ADDITIONAL NOTES

---

**Questions or Comments...** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission.  The transmitted documents have also been uploaded to your Corpliance account.  RASi offers additional methods of notification including Telephone Notification and FedEx Delivery.  If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*



# THE STATE OF TEXAS



NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:   **PHELPS DODGE REFINING CORPORATION,** who may be served with process **by serving its registered agent REGISTERED AGENT SOLUTIONS, INC. or any other authorized officer or agent therein at 1701 DIRECTORS BLVD STE. 300, AUSTIN, TEXAS 78744**   or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Second Amended Original Petition and Jury Demand** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 19th day of August, 2021, by Attorney at Law ,CONNIE J FLORES, 906 N MESA ST 2ND FLOOR EL PASO TX  79902 in this case numbered **2021DCV2168** on the docket of said court, and styled:

### JOSE ALFREDO GALLEGOS VS FREEPORT-MCMORAN CORPORATION, PHELPS DODGE REFINING CORPORATION AND HEP PIPELINE ASSETS LIMITED CORPORATION

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Second Amended Original Petition and Jury Demand** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 24th day of August, 2021

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest:   ___NORMA FAVELA BARCELEAU___ District Clerk
El Paso County, Texas

By _____ , Deputy
Corina Ramirez

Rule 106. "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

## RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Second Amended Original Petition and Jury Demand**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____ _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____  _____ _____ Sheriff

_____  _____ County, Texas

Total _____ $ _____  by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

El Paso County - County Court at Law 3

Filed 8/19/2021 4:29 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV2168

IN THE COUNTY COURT AT LAW NUMBER THREE

OF EL PASO COUNTY,

| | | |
|---|---|---|
| JOSE ALFREDO GALLEGOS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Cause No. 2021-DCV2168 |
| | § | |
| FREEEPORT-MCMORAN CORPORATION | § | |
| D/B/A FREEPORT MINERALS CORPORATION | § | |
| AND PHELPS DODGE REFINING | § | |
| CORPORATION | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOSE ALFREDO GALLEGOS (hereinafter referred to as "Plaintiff"), complaining of FREEPORT-MCMORAN CORPORATION D/B/A FREEPORT MINERALS CORPORATION (hereinafter referred to as "Defendant FREEPORT") and complaining of PHELPS DODGE REFINING CORPORATION (herein referred to as "Defendant Phelps Dodge") for a cause of action would respectfully show the Court and/or Jury as follows:

### I.  DISCOVERY CONTROL PLAN

Pursuant to Rule 190, discovery in this case will be conducted in Level III.

### II.  PARTIES

Plaintiff Jose Alfredo Gallegos is a resident of El Paso County, Texas. The last three numbers of Plaintiff's driver's license number are 745.

Defendant FREEPORT -MCMORAN D/B/A FREEPORT MINERALS CORPORATION is a Delware corporation doing business in El Paso County, Texas and may be served with process

1 | P a g e

*Jose Alfredo Gallegos v. Freeport Mcmoran Corporation, et al*
PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION AND JURY DEMAND

by serving its registered agent, REGISTERED AGENT SOLUTIONS, INC., or any other authorized officer or agent therein at 1701 Directors Blvd Ste 300, Austin, TX 787444 and/or wherever they may be found.

Defendant PHELPS DODGE REFINING CORPORATION is a Delaware corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, REGISTERED AGENT SOLUTIONS, INC., or any other authorized officer or agent therein at 1701 Directors Blvd Ste 300, Austin, TX 78744 and/or wherever they may be found.

## III.   FACTS

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an incident that occurred on or about July 8, 2019, in El Paso County, Texas. At such time and place, Plaintiff was inside Defendants' premises, located at 897 Hawkins Blvd, El Paso, Texas 79915. Plaintiff was dropping off uniforms on Defendants' property, pushing a cart, when Plaintiff's cart got stuck on old railroad tracks, causing Plaintiff's knee to lock, causing injury to Plaintiff. The unlevel, defective or rusted railroad track caused Plaintiff to fall to the floor and sustain injuries to his knees and other parts of his body. Said occurrence caused substantial physical injuries to the person of Plaintiff. Plaintiff was an invitee to whom Defendants owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

## IV.   DEFENDANTS' PREMISES LIABILITY

While upon Defendants' premises, Plaintiff suffered bodily injuries as a direct result of the fall proximately caused by a dangerous condition, which Defendants knew, or in the exercise of ordinary care, should have known existed. Defendants breached their duty of ordinary care by (1)

*Jose Alfredo Gallegos v. Freeport Mcmoran Corporation, et al*
PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION AND JURY DEMAND

failing to adequately warn the Plaintiff of the condition, or (2) failing to make the condition reasonably safe.

Defendants, their agents, servants, and employees negligently caused and/or negligently permitted such condition to exist and/or negligently failed to warn Plaintiff of the condition of the premises, despite the fact that Defendants, their agents, servants and employees knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff. Defendants' failure and breach of duty to an invitee proximately caused Plaintiff's injuries.

## V.   DEFENDANTS' NEGLIGENCE

Plaintiff would show that the damages and injuries he sustained were caused by the negligence of Defendants, their employees, agents and representatives. Plaintiff would also show that Defendants owed a duty to Plaintiff, that Defendants breached that duty and that such breach was a proximate cause of the injury and resulting damages to Plaintiff. On the occasion in question, Defendants, their agents, representatives, and employees were negligent in one or more of the following ways:

1. In failing to maintain the area in a reasonably safe condition;
2. In failing to warn of the condition of the area in question;
3. In failing to inspect the premises in order to discovery the dangerous condition of the area in question;
4. In failing to correct the dangerous condition of the area in question;
5. In failing to warn invitees and licensees, including Plaintiff, that a dangerous condition existed which required extra care to be taken by them when entering or exiting the area when Defendants knew or should have known that the area in question was dangerous;
6. In failing to establish and enforce safety rule and regulations;
7. In failing to supervise employees in regular inspection and maintaning the area in question;
8. In failing to teach its employees on the maintance of the area in question;
9. In failing to repair or replace rugs that could reasonably be anticipated to cause and create dangerous conditions;
10. Other acts of negligence.

One or more of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was/were a proximate cause of Plaintiff's injuries and damages described below.

## VI.    VICARIOUS LIABILITY OF ALL DEFENDANTS

Alternatively, and without waiving the foregoing, Plaintiff would show that Defendants are liable for the damages and injuries which were caused by the negligence of Defendants, their employees, agents, and representatives. Defendants are liable for the acts or omissions of their contractors, subcontractors, employees and agents and any person at the refinery in which this incident occurred over whom Defendants retained control. Defendants had control over the manner, methods and procedures that the employees, agents and representatives used in carrying out assigned duties. This right of and actual exercise of control gives rise to a duty of care by Defendants to employees working on the site.

## VII.    PLAINTIFF'S DAMAGES

As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. As a further result of the negligence of Defendants and the injuries described herein, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the negligence of Defendants, Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future. Plaintiff has suffered a loss of earning capacity in the past and will continue to suffer a loss of earning capacity in the future.

Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their gross negligence and to set an example for others that such conduct will not be tolerated.

### IX.   JURY DEMAND

Plaintiff respectfully requests trial by jury of the issues in this case.

### X.   CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest, and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

*/s/ Connie J. Flores*
**CONNIE J. FLORES**
TX State Bar No.: 24067828
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283
Cflores@ftalawfirm.com
***ATTORNEY FOR PLAINTIFF***

IN THE COUNTY COURT AT LAW NUMBER THREE

OF EL PASO COUNTY,

| | | |
|---|---|---|
| JOSE ALFREDO GALLEGOS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Cause No. 2021-DCV2168 |
| | § | |
| FREEEPORT-MCMORAN CORPORATION | § | |
| D/B/A FREEPORT MINERALS CORPORATION | § | |
| AND PHELPS DODGE REFINING | § | |
| CORPORATION | § | |
| | § | |
| *Defendants*. | § | |

**NOTICE OF NON-SUIT OF HEP PIPELINE ASSETS LIMITED CORPORATION**
**WITHOUT PREJUDICE**

COMES NOW JOSE ALFREDO GALLEGOS, Plaintiff in the above entitled and numbered cause and files this Notice of Non-Suit against Defendant HEP PIPELINE ASSETS LIMITED CORPORATION Without Prejudice and would show the Court as follows:

**I.**

Plaintiffs JOSE ALFREDO GALLEGOS, moves to non-suit without prejudice Defendant HEP PIPELINE ASSETS LIMITED CORPORATION as party Defendant to this suit without dismissing, releasing, discharging or in any manner affecting Plaintiff's claim against any other parties.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs JOSE ALFREDO GALLEGOS prays that Defendant HEP PIPELINE ASSETS LIMITED CORPORATION be non-suited without prejudice and for general relief.

*-signature page follows-*

*Jose A. Gallegos v. Freeport-McMoran Corporation, et al*
**DOCUMENT**

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

/s/ *Connie J. Flores*_____
**CONNIE J. FLORES**
TX State Bar No.: 24067828
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283
Cflores@ftalawfirm.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of SEPTEMEBER 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following as well as all others on the CM/ECF service list:

**Richard Bonner**
State Bar No. 02608500
**Sergio Estrada**
State Bar No. 24080886
KEMP SMITH LLP
Po Box 2800
El Paso, TX 79999
(915)533-4424 - Phone
(915)546-5360 – Facsimile
Richard.bonner@kempsmith.com
Sergio.estrada@kempsmith.com
*Attys for Defendant HEP Pipeline Assets Limited Partnership*

/s/ *Connie J. Flores*_____
**CONNIE J. FLORES**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lizette Morales on behalf of Concepcion Flores
Bar No. 24067828
lmorales@ftalawfirm.com
Envelope ID: 56901697
Status as of 9/3/2021 8:31 AM MST

Associated Case Party: JoseAntonioGallegos

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Connie J.Flores | | cflores@ftalawfirm.com | 9/2/2021 9:26:32 AM | SENT |
| Lizette Morales | | lmorales@ftalawfirm.com | 9/2/2021 9:26:32 AM | SENT |
| ROSA MURO | | rmuro@ftalawfirm.com | 9/2/2021 9:26:32 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Bonner | | richard.bonner@kempsmith.com | 9/2/2021 9:26:32 AM | SENT |
| Sergio Estrada | | sergio.estrada@kempsmith.com | 9/2/2021 9:26:32 AM | SENT |
| Yolanda AGarcia | | yolanda.garcia@kempsmith.com | 9/2/2021 9:26:32 AM | SENT |
| Clarissa Elias | | clarissa.elias@kempsmith.com | 9/2/2021 9:26:32 AM | SENT |

IN THE COUNTY COURT AT LAW NO. THREE

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| JOSE ALFREDO GALLEGOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  2021-DCV-2168 |
| | ) | |
| FREEPORT-MCMORAN | ) | |
| CORPORATION D/B/A FREEPORT | ) | |
| MINERALS CORPORATION AND | ) | |
| PHELPS DODGE REFINING | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FREEPORT MINERALS CORPORATION'S ORIGINAL ANSWER

Defendant FREEPORT MINERALS CORPORATION, improperly and incorrectly named herein as "Freeport-McMoran Corporation d/b/a Freeport Minerals Corporation,"[1] files its Original Answer and respectfully shows as follows:

### GENERAL DENIAL

I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations in Plaintiff's Original Petition.

II.

Defendant reserves the right to amend this Answer at a later date.

---

[1] "Freeport-McMoran Corporation" no longer exists and, in any event, does not do business as Freeport Minerals Corporation.  The proper name of the defendant in this lawsuit is Freeport Minerals Corporation.

4827-3618-3291

1

## DEFENSES

### III.

Plaintiff has failed to mitigate his damages.

### IV.

Some or all of Plaintiff's claims for damages are statutorily capped pursuant to applicable Texas law.

### V.

Some or all of Plaintiff's alleged damages and injuries are the result of pre-existing, subsequent, and/or unrelated injuries, illnesses and conditions that were not proximately caused by any act or omission by Defendant.

### VI.

Some or all of Plaintiff's claims are barred by TEX. CIV. PRAC. & REM CODE § 41.0105 because Plaintiff may only recover medical expenses actually paid or incurred.

### VII.

Some or all of Plaintiff's claims are barred by TEX. CIV. PRAC. & REM CODE § 18.091 because any evidence of wages or economic damages must be presented in after-tax format. Defendant requests an appropriate jury instruction in this regard.

### VIII.

Plaintiff's injury was the result of an unavoidable accident and/or a new and intervening cause of which Defendant exercised no control.

### IX.

Plaintiff's acts and/or omissions were the sole proximate cause of Plaintiff's injuries, if any.

X.

That the incident made the basis of this lawsuit was caused in whole or in part by the negligence of Plaintiff or others in that one or more failed to act as persons of ordinary care under the circumstances.  Any recovery by the Plaintiff should be reduced proportionately, if not barred by, his proportionate responsibility, and/or the proportionate responsibility of other persons, settling persons and/or responsible third-parties, pursuant to Chapter 33 of the Texas Practice and Remedies Code.

XI.

Defendant did not own the premises in question at the time of and prior to the incident made the basis of this lawsuit, nor did it have notice or knowledge of an unreasonably dangerous condition on the premises in question at the time of and prior to the incident made the basis of this lawsuit.

XII.

ACCORDINGLY, Defendant prays that on hearing of this matter the Court enter judgment in favor of Defendant that Plaintiff take nothing by his suit, that Defendant recover its costs of court and attorneys' fees and that Defendant have such other and further relief to which it may show itself entitled.

Respectfully submitted,

SNELL & WILMER, LLP
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, AZ 85004-2202
602.382.6000
602.382.6070 Fax
wcrowson@swlaw.com

By: _____
WALKER F. CROWSON
State Bar No. 24012480
Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on the following on September 27, 2021:

| Connie J. Flores | _____ | First Class Mail |
| Flores, Tawny & Acosta, PC | _____ | Certified Mail/Return Receipt |
| 906 N. Mesa, 2nd Floor | _____ | Hand Delivery |
| El Paso, Texas 79902 | _____ | Facsimile |
| Phone: (915) 308-1000 | _____ | E-mail Correspondence |
| Facsimile: (915) 300-0283 | __X__ | Texas E-File |
| Cflores@ftalawfirm.com | | |

_____
WALKER F. CROWSON

4

4827-3618-3291

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Walker Crowson
Bar No. 24012480
wcrowson@swlaw.com
Envelope ID: 57603817
Status as of 9/27/2021 11:37 AM MST

Associated Case Party: JoseAntonioGallegos

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Connie J.Flores | | cflores@ftalawfirm.com | 9/26/2021 6:15:20 PM | SENT |
| Lizette Morales | | lmorales@ftalawfirm.com | 9/26/2021 6:15:20 PM | SENT |
| ROSA MURO | | rmuro@ftalawfirm.com | 9/26/2021 6:15:20 PM | SENT |

Associated Case Party: FREEPORT-MCMORAN CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Jackie Lundgren | | jlundgren@swlaw.com | 9/26/2021 6:15:20 PM | SENT |
| Walker Crowson | | wCrowson@swlaw.com | 9/26/2021 6:15:20 PM | SENT |

Associated Case Party: PHELPS DODGE REFINING CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Jackie Lundgren | | jlundgren@swlaw.com | 9/26/2021 6:15:20 PM | SENT |
| Walker Crowson | | wCrowson@swlaw.com | 9/26/2021 6:15:20 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Richard Bonner | | richard.bonner@kempsmith.com | 9/26/2021 6:15:20 PM | SENT |
| Sergio Estrada | | sergio.estrada@kempsmith.com | 9/26/2021 6:15:20 PM | SENT |
| Yolanda AGarcia | | yolanda.garcia@kempsmith.com | 9/26/2021 6:15:20 PM | SENT |
| Clarissa Elias | | clarissa.elias@kempsmith.com | 9/26/2021 6:15:20 PM | SENT |

IN THE COUNTY COURT AT LAW NO. THREE

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| JOSE ALFREDO GALLEGOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  2021-DCV-2168 |
| | ) | |
| FREEPORT-MCMORAN | ) | |
| CORPORATION D/B/A FREEPORT | ) | |
| MINERALS CORPORATION AND | ) | |
| PHELPS DODGE REFINING | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT PHELPS DODGE REFINING CORPORATION'S ORIGINAL ANSWER

Defendant PHELPS DODGE REFINING CORPORATION files its Original Answer and respectfully shows as follows:

### GENERAL DENIAL

#### I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations in Plaintiff's Original Petition.

#### II.

Defendant reserves the right to amend this Answer at a later date.

### DEFENSES

#### III.

Plaintiff has failed to mitigate his damages.

IV.

Some or all of Plaintiff's claims for damages are statutorily capped pursuant to applicable Texas law.

V.

Some or all of Plaintiff's alleged damages and injuries are the result of pre-existing, subsequent, and/or unrelated injuries, illnesses and conditions that were not proximately caused by any act or omission by Defendant.

VI.

Some or all of Plaintiff's claims are barred by Tex. Civ. Prac. & Rem Code § 41.0105 because Plaintiff may only recover medical expenses actually paid or incurred.

VII.

Some or all of Plaintiff's claims are barred by Tex. Civ. Prac. & Rem Code § 18.091 because any evidence of wages or economic damages must be presented in after-tax format. Defendant requests an appropriate jury instruction in this regard.

VIII.

Plaintiff's injury was the result of an unavoidable accident and/or a new and intervening cause of which Defendant exercised no control.

IX.

Plaintiff's acts and/or omissions were the sole proximate cause of Plaintiff's injuries, if any.

X.

That the incident made the basis of this lawsuit was caused in whole or in part by the negligence of Plaintiff or others in that one or more failed to act as persons of ordinary care under the circumstances.  Any recovery by the Plaintiff should be reduced proportionately, if not

barred by, his proportionate responsibility, and/or the proportionate responsibility of other persons, settling persons and/or responsible third-parties, pursuant to Chapter 33 of the Texas Practice and Remedies Code.

XI.

Defendant did not have notice or knowledge of an unreasonably dangerous condition on the premises in question at the time of and prior to the incident made the basis of this lawsuit.

ACCORDINGLY, Defendant prays that on hearing of this matter the Court enter judgment in favor of Defendant that Plaintiff take nothing by his suit, that Defendant recover its costs of court and attorneys' fees and that Defendant have such other and further relief to which it may show itself entitled.

Respectfully submitted,

SNELL & WILMER, LLP
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, AZ 85004-2202
602.382.6000
602.382.6070 Fax
wcrowson@swlaw.com


By:_____
        WALKER F. CROWSON
        State Bar No. 24012480
        Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on the following on September 27, 2021:

| | |
|---|---|
| Connie J. Flores | _____   First Class Mail |
| Flores, Tawny & Acosta, PC | _____   Certified Mail/Return Receipt |
| 906 N. Mesa, 2nd Floor | _____   Hand Delivery |
| El Paso, Texas 79902 | _____   Facsimile |
| Phone: (915) 308-1000 | _____   E-mail Correspondence |
| Facsimile: (915) 300-0283 | \_\_X\_\_   Texas E-File |
| Cflores@ftalawfirm.com | |


_____
WALKER F. CROWSON

4843-9371-9803

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Walker Crowson
Bar No. 24012480
wcrowson@swlaw.com
Envelope ID: 57603809
Status as of 9/27/2021 11:36 AM MST

Associated Case Party: JoseAntonioGallegos

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Connie J.Flores | | cflores@ftalawfirm.com | 9/26/2021 6:12:08 PM | SENT |
| Lizette Morales | | lmorales@ftalawfirm.com | 9/26/2021 6:12:08 PM | SENT |
| ROSA MURO | | rmuro@ftalawfirm.com | 9/26/2021 6:12:08 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Bonner | | richard.bonner@kempsmith.com | 9/26/2021 6:12:08 PM | SENT |
| Sergio Estrada | | sergio.estrada@kempsmith.com | 9/26/2021 6:12:08 PM | SENT |
| Yolanda AGarcia | | yolanda.garcia@kempsmith.com | 9/26/2021 6:12:08 PM | SENT |
| Clarissa Elias | | clarissa.elias@kempsmith.com | 9/26/2021 6:12:08 PM | SENT |

Associated Case Party: FREEPORT-MCMORAN CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Walker Crowson | | wCrowson@swlaw.com | 9/26/2021 6:12:08 PM | SENT |
| Jackie Lundgren | | jlundgren@swlaw.com | 9/26/2021 6:12:08 PM | SENT |

Associated Case Party: PHELPS DODGE REFINING CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Walker Crowson | | wCrowson@swlaw.com | 9/26/2021 6:12:08 PM | SENT |
| Jackie Lundgren | | jlundgren@swlaw.com | 9/26/2021 6:12:08 PM | SENT |